

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

January 25, 1939

Honorable Charley Lockhart
State Treasurer
Austin, Texas

Dear Mr. Lockhart:

Opinion No. 79
Re: Necessity of Stamp Tax
on Abstracts of Judgment.

Your request for an opinion, (1) as to whether it
is necessary for an abstract of judgment to bear the stamps
mentioned in Article 7047e, Revised Civil Statutes, to be
entitled of record, and (2) if so, whether such abstract of
judgment must have new and separate stamps for each county in
which it may be recorded, has been received at this Office.

Article 7047e, (a), Revised Civil Statutes, reads
as follows:

"Except as herein otherwise provided, there is here-
by levied and assessed a tax of ten cents (10¢) on
each One Hundred Dollars ($100) or fraction thereof,
over the first Two Hundred Dollars ($200), on all
notes and obligations secured by chattel mortgage,
deed of trust, mechanic's lien contract, vendor's
lien, conditional sales contract and all instruments
of a similar nature which are filed or recorded in
the office of the County Clerk under the Registration
Laws of this State; providing that no tax shall be
levied on instruments for an amount of Two Hundred
Dollars ($200) or less. After the effective date
of this Act, except as hereinafter provided, no instru-
ment creating a lien of any character to secure the
payment of money, or reserving title to any property
until the purchase price thereof shall have been paid,
shall be filed or recorded by any County Clerk in this
State until there has been affixed to such instrument
stamps in accordance with the provisions of this Sec-

tion; and providing further that the provisions of this Section shall not apply to renewals or extensions of any notes or obligations, and specifically shall not apply to refunding of existing bonds or obligations. And providing further this Section shall not apply to notes and obligations or instruments securing same taken by or on behalf of the United States or any corporate agency or instrumentality of the United States Government in carrying out a governmental purpose as expressed in any Act of the Congress of the United States."

In itself an abstract of judgment creates a lien on nothing. True, when it is filed, recorded and properly indexed, the law creates a lien to secure payment of the judgment, if the debtor happens to own land in that county. There may be some similarity between a contract lien and the abstract of judgment lien, a statutory one, but among their differences is the very practical one that the contract lien is given by a debtor in most instances able and willing to pay, while the other lien is given by statute to help force payment where the debtor is either unwilling or unable to pay, or both. It would not have been an unreasonable view for the Legislature to take that the usually worthless or near worthless abstract of judgment should not have to bear the same tax stamp as the usually valuable vendor's lien or deed of trust.

Furthermore, the liens specifically described in the Act ordinarily secure payment of a negotiable instrument, the long escape of which from taxation probably precipitated the passage of Article 7047e. No such instrument is secured by the abstract of judgment, even when recorded in a county where the debtor holds real estate.

The Act specifically enumerates certain contract liens, and the general words following should not be construed in their widest sense, but should be held to apply to liens of the same kind or class. 39 Tex. Jur. 202; Shelton vs. Thomas, 11 S. W. (2d) 254; F. & M. Nat. Bank vs. Hanks, 137 S. W. 1120.

Also, the caption of the Act may be looked to in determining the intent of the Legislative Body. Popham v. Patterson, 51 S. W. (2d) 680, Sup. Ct.; Texarkana & Ft. S. Ry. Co. v. Houston Gas & Fuel Co., 51 S. W. (2d) 284; 39 Tex. Jur. 226. The only part of the caption to the bill in which Article 7047e was included is found in Acts 44th Leg., 3rd C. S., Ch. 495, p. 2040, and reads as follows:

". . . amending Articles 4858, and 7047, Revised Civil Statutes of 1925; amending Section 40A, of Article 7047, Revised Statutes of 1925, as amended by Chapter 312, Section 1, Acts of the Forty-second Legislature; amending Section 3, Chapter 73, Acts of the Forty-second Legislature; levying a tax upon carbon black, and providing for its collection; levying a tax upon coin-operated machines, exempting certain classes of machines, providing for the collection of such tax, including penalties; levying a stamp tax upon certain promissory notes, and providing for the collection thereof; . . ."

Prior to said action of the 44th Legislature, Art. 7047 contained no provision requiring payment of stamps on any such instruments, Article 7047e appearing for the first time in any form in said Act of the 44th Legislature.

Hence, the term used in the caption "levying a stamp tax upon certain promissory notes, and providing for the collection thereof," referred to what is now Article 7047e and no other part of the bill, and is the only description of Article 7047e found in the caption.

It could hardly be argued that a judgment is a promissory note, and there is grave doubt that the caption would be sufficient to satisfy Article 3, Section 35, of the State Constitution, in so far as judgments and judgment liens are concerned. Bitter vs. Bexar County, 11 S. W. (2d) 163, Com. Apps.; Kutz vs. State, 54 S. W. (2d) 130; Ex parte Turner, 55 S. W. (2d) 833. There would be little point in construing the body of the statute to include abstracts of judgment, if the same must be immediately construed out because of an insufficient caption.

Giving whatever effect to the general rules of construction that should be given, and considering the caption, it is our opinion that the Legislature did not intend to require the stamps to be affixed to abstracts of judgment. Both of your questions are answered in the negative.

The opinion of J. H. Broadhurst, Assistant Attorney General, dated November 17, 1936, holding contrary to the above is hereby overruled as the opinion of this Department.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Glenn R. Lewis_
Assistant

GRL:N
APPROVED
_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS